IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

DENICE DIXON,

    Plaintiff,

v.

UNITED STATES POSTAL SERVICE,

    Defendant.
_____/

No. C 10-4220 DMR

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff Denice Dixon filed suit against the United States Postal Service ("USPS") to recover damages under the Federal Tort Claims Act ("FTCA"). Plaintiff alleges that she is owed benefits on a life insurance policy issued to her late husband, a USPS employee who passed away in 2007. Dixon argues that USPS failed to preserve and properly file the form that designated her as the beneficiary of the life insurance benefits.

Plaintiff previously litigated claims arising from her failure to receive benefits on her deceased husband's life insurance policy. On December 21, 2009, those claims were dismissed following the district court's grant of summary judgment to USPS. In the present action, USPS has moved for judgment on the pleadings, arguing that Plaintiff is barred from bringing the FTCA action under the doctrine of res judicata.

Having considered the parties' briefs as well as the oral argument of counsel at the June 16,

1 | 2011 hearing, the Court hereby GRANTS Defendant's Motion for Judgment on the Pleadings.

## II. STATEMENT OF FACTS

Plaintiff's late husband, Raymond Patrick Dixon, worked at USPS and was insured under a life insurance policy issued by MetLife. (Compl. ¶ 2.) Shortly after Mr. Dixon's death in 2007, Plaintiff filed a claim to recover benefits owed to her under the policy. (Compl. ¶ 7, 8.) She received $51,000 in basic benefits, but asserted that she was entitled to an additional $82,500 in optional benefit coverages. (Compl. ¶ 6.) MetLife denied Dixon's insurance claim for the additional coverages, and instead paid the benefits to the deceased's first wife, Edith Dixon. Plaintiff contends that this was done in error; while acknowledging that Edith Dixon was once previously listed as the beneficiary under the plan, Plaintiff claims that Mr. Dixon modified the policy to list Plaintiff as beneficiary. (Compl. ¶ 11.) Plaintiff alleges that on January 29, 1999, she accompanied Mr. Dixon to a USPS office in Oakland, California in order to submit a form designating her as a beneficiary under the optional coverages "A" and "B." (Compl. ¶ 6.)

On April 17, 2009, in response to the denial of her claim for life insurance benefits, Plaintiff brought an action against MetLife and USPS. *Dixon v. U.S. Post Office*, No. 09-1694 CRB ("*Dixon I*"). Her 2009 action included a breach of contract claim for failure to pay the policy benefits, as well as a separate claim for Raymond Dixon's accrued wages, sick leave, annual leave, and holiday leave. In August 2009, USPS provided its initial disclosures to Plaintiff; these disclosures included Raymond Dixon's personnel file. The file did not include the change of beneficiary form that Plaintiff alleges was submitted by Mr. Dixon in 1999, designating her as the beneficiary. (Pl.'s Opp'n 8.) At that point, Plaintiff understood that MetLife had paid the benefits to Edith Dixon in conformance with the beneficiary designation contained in Mr. Dixon's personnel records, since the change of beneficiary form was not in Mr. Dixon's file. Accordingly, Plaintiff voluntarily dismissed MetLife without prejudice on December 18, 2009. (Pl.'s Opp'n 4.)

On December 21, 2009, the Honorable Charles R. Breyer granted USPS summary judgment on each of Dixon's remaining claims. *Dixon I*, No. 09-1694, 2009 WL 5125825, at *1 (N.D. Cal. Dec. 21, 2009). The breach of contract claim necessarily failed as Dixon conceded that no contract existed between Dixon and USPS that designated her as a beneficiary for the optional coverage

2

amounts. *Id.* The court dismissed the second claim for accrued wages and benefits for lack of subject matter jurisdiction, as Dixon had not provided any proof of a waiver of sovereign immunity that would permit her to bring suit against USPS for the action. *Id.*

Having failed to recover the life insurance benefits through *Dixon I*, Dixon filed this second suit against USPS ("*Dixon II*") asserting a different legal theory to recover the benefits, namely, negligence under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680. (Compl. ¶¶ 10, 11.) Here, Dixon contends that she submitted the correct form to the USPS personnel representative, and that USPS in turn failed to preserve and properly file the form. Dixon argues that this failure amounts to negligence, and she seeks recovery of $82,500 with interest and the costs of the suit.

Defendant now moves for judgment on the pleadings, arguing that Dixon is barred from proceeding with the FTCA claim under the doctrine of res judicata.[1]

### III. LEGAL STANDARDS

Judgment on the pleadings is appropriate when, even if all allegations in the complaint are true, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 12(c); *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993). In ruling on a motion for judgment on the pleadings, the court draws all inferences in the light most favorable to the non-movant. *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). The court may grant a Rule 12(c) motion only "when the pleadings show that it is beyond doubt that the plaintiff can prove no set of

---

[1] Res judicata is an affirmative defense that can be waived if not properly pled. *In re Adbox, Inc.*, 488 F.3d 836, 842 n.2 (9th Cir. 2007); Fed R. Civ. P. 8(c). However, the failure to plead the defense is not necessarily a waiver, as the court can permit a party to raise affirmative defenses through a subsequent motion. *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010). The defense may be raised later if the delay in raising the defense does not prejudice the plaintiff. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Dixon did not raise the issue of waiver and makes no argument that she has been prejudiced by Defendant's failure to raise its res judicata defense in its answer. Moreover, the Ninth Circuit has suggested that a party may not demonstrate prejudice based solely on the untimely assertion of res judicata because the doctrine would have been dispositive had the moving party asserted it when the action was filed. *Id.* Accordingly, the Court finds that Defendant did not waive its res judicata defense by failing to raise it in its answer.

3

facts in support of his claim which would entitle him to relief." *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997) (quotation marks & citations omitted).  If materials outside the pleadings are considered, the court must convert the motion into one for summary judgment.  Fed. R. Civ. P. 12(d).

Res judicata bars litigation in an action if any of the claims were raised or could have been raised in a previous action.  *Owens*, 244 F.3d at 713.  A plaintiff "cannot avoid the bar of res judicata merely by alleging conduct by the defendant not alleged in his prior action or by pleading a new legal theory."  *McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986); *see also Simmons v. Am. Airlines*, No. 01-1074, 2002 WL 102604, at *4 (N.D. Cal. Jan. 23, 2002) (following adjudication of discrimination claim, res judicata barred plaintiff from introducing slander claim arising from the same incident).  Underlying the res judicata doctrine is the recognition that a plaintiff's interests in a full and fair opportunity to be heard must be considered against the respect for a defendant's efforts and expense in defending itself.  *Marin v. HEW, Health Care Fin. Agency*, 769 F.2d 590, 594 (9th Cir. 1985).  In addition to private interests, res judicata also serves important public interests, including "avoiding inconsistent results and preserving judicial economy." *Clements v. Airport Auth.of Washoe Cnty.*, 69 F.3d 321, 330 (9th Cir. 1995).

The doctrine of res judicata is applicable when three requirements between the two actions are present: (1) identity of claims, (2) a final judgment on the merits in the first action, and (3) identity or privity between parties.  *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011) (quoting *Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)).

In considering a party's res judicata defense, the court may take judicial notice of facts that are generally known within the court's territorial jurisdiction, or are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  Doing so does not convert a motion into one for summary judgment.  *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).  A court may take judicial notice of motions and memoranda filed in a different lawsuit, *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986), as well as

the plaintiff's prior complaints and the orders dismissing them, *Commodity Futures Trading Comm'n v. Co. Petro Mktg. Grp., Inc.*, 680 F.2d 573, 584 (9th Cir. 1982).

## IV. DISCUSSION

The parties do not dispute that the previous case involved the same parties, and resolved with a final judgment on the merits. The applicability of res judicata therefore depends on whether there is an identity of claims between those brought in *Dixon I* and *Dixon II*. Plaintiff argues this element is not satisfied because the claims in *Dixon I* were not identical to *Dixon II*, in large part because they are premised on distinct legal theories. In addition, Dixon asserts that the cases look quite different: where *Dixon I* centered on the proper insurer and beneficiary, *Dixon II* looks instead to the circumstances surrounding the alleged disappearance of the beneficiary form. Moreover, Plaintiff argues that she was unable to bring the negligence claim in *Dixon I* because she had not yet exhausted her administrative remedies, a prerequisite to bringing an FTCA claim.

Defendant disagrees with Dixon's attempt to distinguish the causes of action, and states that the factors used to assess identity of claims demonstrate that res judicata operates to bar this action. To identify whether identity of claims exists, the Ninth Circuit applies four criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982). The court need not examine or find all four factors. *See id.* at 1202 ("[n]o single criterion can decide every res judicata question; identity of causes of action cannot be determined precisely by mechanistic application of a simple test."). Generally, the last factor is the most important to the analysis. *Id.*; *see also Cent. Delta Water Agency v. United States*, 306 F.3d 938, 952 (9th Cir. 2002). In some cases, res judicata can be applied solely on the grounds that the claims arise out of the same transaction. *See Int'l Union of Operating Eng'rs Tr. Funds v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993); *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988 (9th Cir. 2005) (stating that the transactional nucleus criterion is often "outcome determinative").

Here, all four *Costantini* factors are met, thus establishing identity of claims for purposes of applying res judicata.

First, rights or interests established in *Dixon I* "would be destroyed or impaired" if this action proceeded. USPS defended this case previously, and the resources spent resolving the matter now necessarily would be duplicative.

Second, *Dixon II* relies upon "substantially the same evidence" as *Dixon I*. Both cases center on proof of Dixon's beneficiary status under the life insurance policy.

Third, the two suits involve the "infringement of the same right." In *Costantini*, the plaintiff brought suit first under a Sherman Act monopolization theory and then subsequently filed suit alleging the theory of interference with his business relationships. While each suit provided an alternative route to recovery, they both addressed the infringement of the same general right of "advantageous business relations." 681 F.2d at 1202. As identified above, Dixon's allegations arise from the alleged infringement of her right to receive benefits under her husband's life insurance policy. The introduction of a different legal theory from *Dixon I* in this action does not alter the outcome, as she still attempts to seek a remedy for the same right.

Finally, and most importantly, both cases arise out of the same "transactional nucleus of facts." The inquiry into this final factor establishes "whether the claim could have been brought in the previous action." *Liquidators*, 630 F.3d at 1151; *Tahoe-Sierra*, 322 F.3d at 1078. The similarity between *Dixon I* and *Dixon II* is clear. In *Dixon II*, Plaintiff merely shifts focus from a contract theory to a negligence theory, a shift that Plaintiff could and should have accomplished in *Dixon I*. Indeed, Judge Breyer remarked in his order granting summary judgment in *Dixon I* that the "thrust of Plaintiff's opposition is that some negligent act must be responsible for the failure of the Post Office to retain a copy of the Decedent's change of beneficiary for his life insurance policy." *Dixon I*, 2009 WL 5125825, at *1. The two claims would have naturally fit with one another in the initial suit, and could have been tried together. *Mpoyo*, 430 F.3d at 987. Both actions in *Dixon I* and *Dixon II* are premised on similar evidence, *see Durney v. Wavecrest Labs., LLC*, 441 F. Supp. 2d 1055, 1064 (N.D. Cal. 2005) (presence of similar evidence speaks to identical nature of underlying

conduct), and seek the same recovery: the value of optional coverage policy's under Raymond Dixon's life insurance policy.

Actions that allege "contemporaneous" misconduct are quite likely to share the same transactional nucleus of facts. *See Costantini*, 681 F.2d at 1200 (even though the subsequent allegation was based on new evidence, the wrongdoing was contemporaneous with the first allegation and was thus barred by res judicata). While *Dixon II* no longer alleges breach of contract, Plaintiff's claim still focuses on proper payment under Raymond Dixon's life insurance policy, and is "contemporaneous" with the conduct challenged in *Dixon I*.

Dixon argues that res judicata does not apply because she did not have the necessary knowledge to bring a negligence claim against USPS. (Pl.'s Opp'n 9.) Res judicata includes claims that "should have been raised in earlier litigation." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984). The party's actual knowledge of the claims is not required. Rather, what matters is if the party could have determined the issue through "diligent discovery." *See, e.g.*, *Harris v. Air Transp. Dist. 143 Int'l Ass'n of Machinists & Aerospace Workers*, No. 05-1824, 2006 WL 1148371, at *3 (W.D. Wash. Apr. 27, 2006). A party's own ignorance will only "avoid the bar of res judicata" when that ignorance was caused by the "misrepresentation or concealment of the opposing party." *W. Sys., Inc. v. Ulloa*, 958 F.2d 864, 871-72 (9th Cir. 1992).

Here, USPS timely produced Mr. Dixon's personnel file as part of its initial disclosure requirement in *Dixon I*. At that point, Plaintiff had knowledge that her key piece of evidence was missing–the document that named her as beneficiary to her former husband's life insurance optional coverage benefits. Plaintiff had ample time to seek a stay of the action in order to file an administrative claim under the FTCA as a prerequisite to pursuing a negligence claim in *Dixon I*. *See, e.g.*, *Owens* 244 F.3d 708, 715 (to avoid res judicata, plaintiff should have moved to stay the initial action); *Gilbert v. Maricopa Cnty. Superior Court Dept. of Juvenile Prob.*, No. 10-919, 2011 WL 251463, at *3 (D. Az. Jan. 25, 2011) (failure to seek a stay or amend the prior complaint compels application of res judicata in subsequent claims).

Res judicata applies even if the failure to exhaust administrative remedies prevented the party from bringing both actions in the first suit. *Owens*, 244 F.3d at 714-15. In certain situations ,

7

a party will not be penalized for failing to bring a claim if the party was incapable of doing so. *See, e.g.*, *United States v. Lazarenko*, 504 F. Supp. 2d 791, 800 (N.D. Cal. 2007) (noting that application of res judicata was inappropriate where criminal forfeiture claim could not be brought in same case alongside civil forfeiture claim.). This is not the case with a failure to exhaust administrative claims, because "as masters of their own claims," plaintiffs can file their lawsuits in a manner where both claims can be heard. *See Lafayette Fed. Credit Union v. United States*, 76 F. Supp. 2d 645, 650 (D. Md. 1999). In sum, Plaintiff's failure to seek a stay in order to bring a negligence claim in *Dixon I* now precludes her from pursuing that claim through *Dixon II*.

Each of the *Costantini* factors is satisfied, demonstrating that there is an identity of claims between *Dixon I* and *Dixon II*. Accordingly, res judicata precludes this action from proceeding and the motion for judgment on the pleadings under Rule 12(c) must be granted.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings is GRANTED. The clerk is directed to close the file.

IT IS SO ORDERED.

Dated: July 14, 2011



DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE

8